


FILED

Aug 10 2026, 9:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Cavallo Stable, LLC and Aleksandra Karl, Individually,

*Appellants-Defendants*

v.

Schwartz Boarding Farm, LLC,

*Appellee-Plaintiff*

---

August 10, 2026

Court of Appeals Case No.
25A-PL-3120

Appeal from the Adams Circuit Court

The Honorable Chad E. Kukelhan, Judge

Trial Court Cause No.
01C01-2506-PL-18

---

**Opinion by Judge Mathias**
Judges Kenworthy and DeBoer concur.

**Mathias, Judge.**

[1] The Adams Circuit Court issued a default judgment in favor of Schwartz Boarding Farm, LLC, ("Schwartz") and awarded damages in the amount of $94,779.72 plus attorney fees and costs against Cavallo Stable, LLC and Aleksandra Karl (collectively "the Appellants"). The Appellants filed a Trial Rule 60(B) motion for relief from judgment, which the trial court denied. The Appellants appeal and raise three issues, but we address only the following dispositive issue: whether the trial court's judgment is void for lack of personal jurisdiction over the Appellants.

[2] We reverse and remand for proceedings consistent with this opinion.

## Facts and Procedural History

[3] On June 13, 2025, Schwartz filed a complaint for damages against the Appellants claiming breach of contract, unjust enrichment, and conversion. The complaint alleged that Schwartz and the Appellants had entered into a contract for horse boarding and training services in December 2020. Specifically, Schwartz had agreed to perform the services for Cavallo. Karl signed the contract as the "owner" of Cavallo. Appellants' App. Vol. 2, p. 22.

[4] In its complaint, Schwartz claimed that, in May 2023, the Appellants ceased making payments to Schwartz despite repeated requests. Schwartz further alleged that the Appellants had continually told Schwartz that payment was forthcoming, but Schwartz never received any promised payment. And Schwartz alleged that the Appellants' outstanding balance owed under the

contract was $31,593.24. Also, under the conversion count, Schwartz requested treble damages.

[5]     The Appellants did not file an answer or other responsive pleading to Schwartz's complaint. On August 11, Schwartz filed a motion for default judgment. Schwartz alleged that it had made reasonable efforts to perfect service on the Appellants and, "as a result of [the Appellants'] evasiveness," "the Court should deem service perfected upon [the Appellants] as of June 25, 2025." *Id*. at 24-25. With the motion, Schwartz attached a certified mailing marked as "refused." *Id*. at 28. But the mailing does not include the name or address of the person to whom it was sent; instead, it only has a QR code (or similar type code). *Id*. Schwartz also attached tracking information for a "shipment" to a Richton Park, Illinois, address, but there is nothing in that document linking that tracking information to the certified mailing. *Id*. at 29.

[6]     The trial court granted the motion for default judgment and scheduled a damages hearing. The Appellants did not appear at that hearing. After the hearing, the trial court granted Schwartz's request for treble damages and issued a judgment against Cavallo and Karl, "jointly and severally," in the amount of $94,779.72 plus attorney fees and court costs. *Id*. at 15.

[7]     Two months later, on November 11, the Appellants filed a motion for relief from judgment alleging that the default judgment and corresponding damages award were void for lack of personal jurisdiction. *Id*. at 30. The Appellants argued that they were never served process and had no actual or constructive

knowledge of the proceedings. The Appellants stated that they did not refuse service of Schwartz's complaint, and Schwartz's "mere reliance on a stamped envelope and USPS tracking screen is insufficient" to establish sufficient service of process. *Id*. at 31. The Appellants claimed they learned of the judgment on November 3 "when they were informed by the United States Trotting Association that a judgment was in place." *Id*. The trial court denied the Appellants' motion on November 20, and this appeal ensued.

## The default judgment is void for lack of personal jurisdiction.

The Appellants claim that the trial court erred when it denied their motion for relief from judgment because the trial court lacked personal jurisdiction over them. "[W]hile the decision to set aside a default judgment is largely the province of the trial court, Indiana disfavors default judgments and prefers resolution of a cause on its merits." *King v. United Leasing, Inc.*, 765 N.E.2d 1287, 1289-90 (Ind. Ct. App. 2002). Generally, we review a trial court's ruling on a motion for relief from judgment for an abuse of discretion and will reverse only when its decision is clearly against the logic and effect of the facts and inferences before it. *Munster Cmty. Hosp. v. Bernacke*, 874 N.E.2d 611, 613 (Ind. Ct. App. 2007). But "[p]ersonal jurisdiction is a question of law." *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 965 (Ind. 2006). "As with other questions of law, a determination of the existence of personal jurisdiction is entitled to de novo review by appellate courts." *Id.* "We do not defer to the trial court's legal conclusion as to whether personal jurisdiction exists." *Id*.

[9]     We also observe that, where "only a paper record has been presented to the trial court, we are in as good a position as the trial court to determine the existence of jurisdictional facts and will employ de novo review as to those facts." *Munster v. Groce*, 829 N.E.2d 52, 57 (Ind. Ct. App. 2005). Here, the trial court's Trial Rule 60(B) judgment was based solely on a paper record, and, therefore, we employ a de novo review as to the jurisdictional facts.

[10]    Indiana Trial Rule 60(B) provides: "On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons: . . . (6) the judgment is void." "[A] judgment entered where there has been no service of process is void for want of personal jurisdiction." *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 759 (Ind. 2014).

[11]    "The existence of personal jurisdiction over a defendant is . . . a constitutional requirement to rendering a valid judgment, mandated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Id.* "Personal jurisdiction is the court's power to bring a person into its adjudicative process and render a valid judgment over a person." *Keesling v. Winstead*, 858 N.E.2d 996, 1000 (Ind. Ct. App. 2006) (citation omitted). Without effective service of process, a trial court does not obtain personal jurisdiction over a defendant. *Goodson v. Carlson*, 888 N.E.2d 217, 220 (Ind. Ct. App. 2008).

[12]    Because the Appellants challenged personal jurisdiction, Schwartz had to present evidence that it established the court's personal jurisdiction over the

Appellants. *See Norris v. Personal Fin.*, 957 N.E.2d 1002, 1007 (Ind. Ct. App. 2011). However, the Appellants ultimately bore "'the burden of proving the lack of personal jurisdiction by a preponderance of the evidence, unless that lack is apparent on the face of the complaint.'" *See id.* (quoting *LePore v. Norwest Bank Ind., N.A.*, 860 N.E.2d 632, 634 (Ind. Ct. App. 2007)).

[13] Schwartz claimed that it served its complaint and summons in compliance with Indiana Trial Rule 4.1(A)(1), which provides:

> [s]ervice may be made upon an individual, or an individual acting in a representative capacity, by . . . sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgement of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter . . . .

[14] A person served with a complaint and summons in a manner that complies with the Trial Rules has a duty "to cooperate, accept service, comply with the provisions of these rules, and, when service is made upon him personally, acknowledge receipt of the papers in writing over his signature." T.R. 4.16(A). "A person who has refused to accept the offer or tender of the papers being served thereafter may not challenge the service of those papers." T.R. 4.16(A)(2).

[15] Here, with its motion for default judgment, Schwartz submitted a copy of a certified mailing that had been stamped "refused." Appellants' App. Vol. 2, p. 28. Schwartz also submitted a purported tracking information for the certified

letter, which states it was available for pick up on June 20, 2025, and refused on June 25. *Id.* at 29.

[16] However, the certified mailing submitted with the motion for default judgment did not contain the name or address of the person or organization that it was sent to. *Id.* at 28. There is simply a QR code (or similar type code) on the mailing. *Id.* And the tracking information for the "shipment" does not have any identifying information connecting the tracking information to the certified mailing. *Id.* at 29. With the Appellants' motion for relief from judgment, Karl, both individually and as the manager of Cavallo Stable, submitted an affidavit swearing that she never received or refused any certified mailing between June 20 and 25, 2025. *Id.* at 36. Karl swore that she had "no knowledge of the existence of this case prior to November 3, 2025." *Id.* Karl also stated that, to the best of her knowledge, no person authorized to receive service on behalf of Cavallo Stable, LLC, had knowledge of the case prior to November 3 or received or refused a certified mailing between June 20 through 25. *Id.* at 36-37.

[17] Accordingly, we must conclude that Schwartz failed to present evidence to establish that the trial court had personal jurisdiction over the Appellants. An unidentifiable certified mailing and the tracking document for a "shipment," which contains no information linking the tracking information to the certified mailing, does not constitute adequate proof of service of process. *Cf. King*, 765 N.E.2d at 1290-91. Therefore, the trial court lacked personal jurisdiction over the Appellants, and the default judgment entered against them is void. Thus,

the trial court abused its discretion when it denied the Appellants' motion for relief from judgment. *See Front Row Motors*, 5 N.E.3d at 759.

[18] Reversed and remanded for proceedings consistent with this opinion.

Kenworthy, J., and DeBoer, J., concur.

ATTORNEY FOR APPELLANTS

Lucas M. Ainsworth
DeVoss, Baker, Ainsworth & Razo, P.C.
Decatur, Indiana

ATTORNEY FOR APPELLEE

Clayton J. Lengerich
Miller, Burry & Brown, P.C.
Decatur, Indiana